GEORGE G. SPENCER, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

Claim No. 18590.

Court of Claims, November 27, 1928.

*Spencer F. Lincoln,* for the claimant.

*Albert Ottinger, Attorney-General [W. Earl Ward, Deputy Assistant Attorney-General,* of counsel], for the State.

POTTER, J.   George G. Spencer, a young man twenty-five years of age, was injured on a State highway on the morning of July 30, 1927, by running into and colliding with an unlighted and unguarded tar bucket standing on the improved highway between Branchport and Penn Yan, N. Y.

The vital question involved in this claim is as to whether the tar bucket which stood in the improved highway on the night of July 29, 1927, and the morning of July 30, 1927, was properly and sufficiently lighted and guarded so as to give notice to the traveling public of the dangerous obstruction in and upon the highway.

There is a direct and positive conflict on this point between the witnesses for the State and the witnesses for the claimant. All of the State's witnesses, and they were five in number, testified positively and in minute detail as to the placing of lanterns on the tar bucket at the hour of three P. M. on the afternoon of July 29, 1927, at which time they quit work on account of a rainstorm.

On the other hand, all of the claimant's witnesses, and they were from all walks of life — laborers, farmers, mechanics, clerks and

professional men — in passing the tar bucket at different times on the night of July 29, 1927, testified plainly and positively that there were no lights on the tar bucket. It might be observed in passing that the witnesses for the State had an interest in the outcome of this matter. On the other hand, the witnesses for the claimant had no interest whatever in the matter and I was impressed at the time they testified that they told the actual conditions that existed in and around the tar bucket as they observed them on the night in question. Having in mind that the State's witnesses were interested in this matter and in the outcome thereof, and having in mind the law as stated by the Court of Appeals in *Elwood* v. *Western Union Telegraph Co.* (45 N. Y. 549) and *Matter of Kindberg* (207 id. 220, 226, 227), I have determined that I would believe the testimony of the claimant's witnesses as given on the trial of this claim as against the witnesses in behalf of the State. Each of the claimant's witnesses was entirely disinterested and had passed this tar bucket at different times on the night in question and they all testified frankly and freely on the trial of this claim that they saw no lights on the tar bucket.

The claimant himself also testified that there were no lights on the tar bucket. I am satisfied after a careful examination of the record in this case that the accident was caused solely by the negligence of the State's employees, that the claimant was absolutely free of contributory negligence and that an award should be made in his favor. I have accordingly reached the conclusion that he is entitled to a judgment against the State to cover his doctors' bills, his hospital bills, his medicine, nursing and X-ray, amounting in all to $1,227.46, and in addition thereto the further sum of $4,000 for the injuries he received because of the accident, making in all the sum of $5,227.46.

GIBSON, J., concurs.